In the Matter of HANS MANNERHEIM, an Incompetent.
HANS MANNERHEIM, Petitioner; MARIE MANNERHEIM, as Committee, Respondent.

Supreme Court, Special Term, Bronx County, October 16, 1940.

*Michael W. Casey,* for the petitioner.

*James F. Doyle,* for the respondent.

EDER, J. The respondent was appointed committee of the person and property of the petitioner by an order made herein on July 23, 1938. Respondent qualified and acted as such committee until removed by an order of this court dated August 1, 1940, the petitioner having by such latter order been declared to be mentally competent to take care of his own affairs. This latter order directed respondent, as such committee, to file a verified account of all her proceedings as such committee and of all moneys and property belonging to the former incompetent which came into her hands or were received by her as such committee since her appointment as committee for the incompetent.

Application is now made to this court to amend and resettle the order by striking therefrom the words " since her appointment as committee." The purpose of this desired change is stated to be

the wish of the petitioner to compel the respondent to account for all money and property which came into her possession and under her control *prior* to her appointment as such committee, *i. e.*, in her individual capacity as well. Petitioner cites no authority to support this application and my independent research has not disclosed any.

The petitioner's theory is that where one occupies a fiduciary relationship to another an accounting may be compelled of the trustee. This is true enough as a general proposition of law, but I am unable to perceive its application here. Whatever relation existed or may exist between these parties as individuals which might justify or warrant an accounting being compelled in that connection would rest on a basic premise of the existence of a fiduciary relationship. Here, however, the status of the respondent is purely one of statutory creation (Civ. Prac. Act, §§ 1356, 1357, 1358), the committee being as much an officer of the court, upon appointment and qualification, as a receiver. In directing such officer to account the accounting is limited to and can only concern acts and conduct in such *official* capacity and not in any individual capacity, and the order made herein is limited accordingly.

Section 1377 of the Civil Practice Act subjects the committee of an incompetent to the direction and control of the court by which he was appointed to this extent only, viz., " with respect to the execution of his duties;" this relates and refers to his official acts and conduct only. As to funds and property coming into the respondent's hands as an individual and for which petitioner feels she should account, relief must be obtained in some other manner. No power is vested in this court, so far as I am able to ascertain, to grant the unusual relief sought by this motion and it is, therefore, denied.